THE ATTORNEY GENERAL
OF TEXAS


December 9, 1965

Mr. F. R. Booth
Executive Director
Texas Water Rights Commission
Box 12396
Austin, Texas  78711

Opinion No. C-563

Re:  Whether Section 11 of
     Article 7477, Vernon's
     Civil Statutes, includes,
     by implication, authoriza-
     tion for the Comptroller
     of Public Accounts to es-
     tablish special accounts
     for the receipt and dis-
     bursement of funds received
     by the Commission by be-
     quests and gifts.

Dear Mr. Booth:

Your letter of October 26, 1965, requesting an opinion
of this office reads, in part, as follows:

"The Texas Water Rights Commission has
occasion to receive grants or donations of
money from various people and political sub-
divisions of the State that are interested in
water development and management.  Section 11
of Article 7477, V.A.C.S. enacted by the 59th
Legislature provides that this Agency may
engage in such cooperative work.  It is as
follows:

"'The (Texas Water Rights) Commission,
in performing the duties prescribed by this
Chapter, may cooperate with agencies of the
United States, with other agencies of this
state or of any other state, with political
subdivisions and municipal corporations of
the state and with persons and corporations.'

"The Comptroller of Public Accounts ad-
vises us that H.B. 12, setting forth the ap-
propriation for the Texas Water Rights Com-
mission, did not establish special accounts

-2717-

for funds received for contracted uses. He concludes that his office is without authority to approve dispersal of these funds. We believe that the statutory authority to receive donated funds includes, by necessary implication, the authority for the Comptroller to establish special accounts for donated funds and to pay the same for services performed in accomplishing the purposes for which the funds are donated.

"Since we will be unable to act under Section 11 until this conflict has been resolved, we request your opinion whether Section 11 of Article 7477 includes by necessary implication the authority and duty of the Comptroller of Public Accounts to establish special accounts for receipt and dispersal of funds received by the Commission."

Senate Bill 145, Acts 59th Leg., R.S., 1965, Ch. 296, p. 583, amending Article 7477, Vernon's Civil Statutes, and entitled the Water Rights Commission Act, provides in part:

"'Section 11. The Commission, in performing the duties prescribed by this Chapter, may cooperate with agencies of the United States, with other agencies of this state or of any other state, with political subdivisions and municipal corporations of the state and with persons and corporations.'"

Section 11 of Senate Bill 145 clearly provides that the Water Rights Commission may cooperate with individuals, corporations, and governmental agencies in performing the duties prescribed by the Water Rights Commission Act.

Section 26 of Article V, House Bill 12, General Appropriations, Acts 59th Leg., R.S., 1965, provides:

"Sec. 26. ACCEPTANCE OF GIFTS OF MONEY. All bequests and gifts of money to State agencies named in this Act are hereby appropriated to the agency designated by the grantor and for such purposes as the grantor may specify; provided, however, that all such bequests and gifts of monies, except those to the Department of Mental Health and Mental Retardation and

institutions under its jurisdiction received
from private sources, and to agencies and in-
stitutions named in Article IV of this Act,
shall be deposited in the State Treasury and
shall be expended in accordance with the pro-
visions of this Act."

Appropriations for the Water Rights Commission are
set forth in Article III of House Bill 12, General Appropria-
tions, Acts 59th Leg., R.S. 1965, thereby including the Water
Rights Commission as a State agency named in the Appropriation
Act.

It is our opinion that the Texas Water Rights Com-
mission may receive bequests and gifts of money for such
purposes as the grantor may specify. Gifts of money granted
to the Water Rights Commission are appropriated to that agency
and may be expended for the purposes specified by the grantor
as provided by Section 26, Article V of House Bill 12.

It is our opinion that the statutory appropriation
of gifts and bequests to the Water Rights Commission provides
authority for the Comptroller to establish special accounts for
gifts and bequests. All such bequests and gifts of monies are
required to be deposited in the State Treasury and expended in
accordance with the provisions of the General Appropriations
Act. The Comptroller may pay from the special accounts es-
tablished with gifts and bequests to the Water Rights Commission
for services performed in accomplishing the purposes specified
by the grantor.

## S U M M A R Y

The statutory appropriation of gifts and be-
quests to the Water Rights Commission provides
authority for the Comptroller to establish special
accounts for gifts and bequests. All such bequests
and gifts of monies are required to be deposited in
the State Treasury and expended in accordance with
the provisions of the General Appropriations Act.
The Comptroller may pay from the special accounts
established with gifts and bequests to the Water
Rights Commission for services performed in ac-
complishing the purposes specified by the grantor.

Mr. F. R. Booth, page 4 (C- 563)

Very truly yours,

WAGGONER CARR
Attorney General

By:
    Gordon Houser
    Assistant

GH:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Linward Shivers
Wade Anderson
Milton Richardson

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright